**SO ORDERED: December 23, 2005.**



**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSIE CASIMIRO, | ) | Case No. 05-33334-JKC-7 |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

This matter came before the Court on the United States Trustee's (the "Trustee") Motion to Dismiss and Request for Expedited Hearing or Shortened Notice (the "Motion"). In its Motion, the Trustee argues that Debtor is ineligible to be a debtor under the United States Bankruptcy Code because she failed to comply with 11 U.S.C. § 109(h) and that the case should, therefore, be dismissed. The Court agrees and grants the Motion without hearing or opportunity for objection.

Section 109(h)(1) provides that "[a]n individual *may not be a debtor under this title unless such individual has, during the 180-day period proceeding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlines the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.*" (Italics added). To establish

compliance with this requirement, a debtor must file with the petition a certification from the credit counseling agency and, if applicable, a debt repayment plan.  *See* 11 U.S.C. § 521(b).

The requirements of § 109(h)(1), however, do not apply with respect to a debtor who submits to the Court a certification that:  (1) describes "exigent circumstances" that merit a deferral of the credit counseling requirement; (2) states that debtor requested credit counseling services from an approved credit counseling agency, but was unable to obtain them during the 5-day period beginning on the date on which the debtor made the request; and (3) is satisfactory to the Court.  *See* 11 U.S.C. § 109(h)(3)(A).  The credit counseling requirement also does not apply to "a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone."  11 U.S.C. § 109(h)(4).

Here, Debtor checked the box on her petition which states "I/we requested a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing)."  Despite this statement, no certification was attached to the petition.  Based on the clear and unambiguous language of § 109(h)(1), Debtor was, therefore, not entitled to be a debtor under the Code.

Arguably, the case should have been immediately dismissed. When Debtor filed her petition, however, the Clerk of the United States Bankruptcy Court (the "Clerk") issued a deficiency notice providing her an additional 15 days to a file, along with several documents required under Code § 521(a), a certification of credit counseling or a request for a deferral or waiver of the credit counseling requirement.[1]  While Debtor was arguably entitled to rely on the Clerk's deficiency

---

[1] The Court does not otherwise take issue with the Clerk's use of a deficiency notice for § 521(a) deficiencies. Pursuant to § 521(a), a debtor is required to file a list of creditors, a schedule of assets and liabilities, a schedule of current income and expenditures, a statement of financial affairs, copies of payment advices for the 60 days preceding the filing of the petition, and statement of monthly net income, and a

notice, the Court believes that Debtor's failure to comply with §§ 109(h) and 521(b) should have resulted in the immediate dismissal of her case. In the Court's opinion, providing debtors with an automatic "grace" period to cure a § 109(h) deficiency is contrary to the express language of the Code and Bankruptcy Rules, essentially defeats the purpose behind the credit counseling requirement, and provides little incentive for strict compliance with the Code. Consistent with that, the Clerk has revised its procedure and will no longer provide debtors with additional time to file a certification of credit counseling or a request to defer or waive the credit counseling requirement. Going forward, if the petition does not comply with § 109(h), it will be forwarded to the appropriate judge for possible dismissal–without any further notice to the debtor. Debtors who do not comply with § 109(h) do so at their own peril.

The additional 15 days provided to the Debtor per the Clerk's deficiency notice has now expired. Sadly, Debtor failed to file any of the documents listed in that notice, including a certification under § 109(h). The case is, therefore, dismissed.

###

Distribution:

UST
Jesse Coleman

---

statement disclosing any reasonably anticipated increase in income or expenditures for the year proceeding the filing. Per Federal Rule of Bankruptcy Procedure 1007(c), a voluntary debtor is given 15 days from the petition date to file those documents. In contrast, Rule 1007(c) expressly states that a debtor must file *with the petition* the certificate and debt repayment plan required by § 521(b), a certification under § 109(h)(3), or a request for a determination by the court under § 109(h)(4). (Italics added).